DOC NO
REC'D/FILED
2014 JUL 31 AM 11: 15
PETER OPPENEER
CLERK US DIST COURT
US OF WI

# IN THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

CIV. NO. 3:08-cv-00744-BBC
CRIM. NO. 3:05-cr-00042-BBC-1

In Re: Allen Ladd,
Petitioner.

vs.

United States Of America,
Respondent.

## EXTRAORDINARY APPEAL UNDER 28 U.S.C. §1291

**Comes Now, Petitioner, Allen Ladd,** proceeding, **Pro Se,** and hereby respectfully moves this Honorable Court for an **Extraordinary Appeal.** In support thereof Petitioner submits the following:

**(i) The Relief Sought**

Pursuant to *28 U.S.C. §1651(a),* Petitioner, seeks a **Writ of Mandamus** in aid of this Court's **Potential exercise of Appellate Jurisdiction** under *28 U.S.C. §1291* to be issued

by this Court directing the Honorable Barbara B. Crabb, Judge of the United States District Court for the Western District of Wisconsin, Madison Division, in the case entitled **Ladd v. United States**, *Dist. Ct. No. **3:08-cv-00744-BBC***, to set aside the Order of *March 17, 2009* denying Petitioner's **Section §2255 Motion** and **Grant** Petitioner's **Request** for an **Evidentiary Hearing Embodied** in Petitioner's *28 U.S.C. §2255 Motion* to preserve this Court's **potential exercise** of **Appellate Jurisdiction** under *28 U.S.C. §1291*.

(ii) <u>**The Issues Presented**</u>

Whether the District Court Committed Clear Error By Failing To Grant Petitioner's Request For Evidentiary Hearing Under *28 U.S.C. §2255(b)*?

(iii) <u>**The Facts Necessary To Understand The Issue Presented By The Petition**</u>

Petitioner was found guilty of possession with intent to distribute crack cocaine {21 U.S.C. §§ 841(a)(1)}, and a related firearms offense {18 U.S.C. §922(g)(1)}, and is currently incarcerated in the Federal Correctional Institution at Greenville, Illinois. Petitioner is serving a 360-month sentence. See United States v. Ladd, No. 05-cr-0042-BBC {W.D. Wisc. 2005}. On Direct Appeal Trial Counsel submitted an appeal brief pursuant to Anders v. California, 386 U.S. 738 (1967) and the appeal was denied. United States v. Ladd, 215 Fed.Appx. 526 (7th Cir. 2007). On Petitioner filed a Petition under 28 U.S.C. §2255 to vacate, set aside or correct sentence. On *March 17, 2009* the Petition was denied without an Evidentiary Hearing. See. Ladd v. United States, No. 08-cv-744 {W.D. Wisc. March 17, 2009} [Doc. 97 in the criminal case].

(iv) <u>**ARGUMENT: The Reason Why The Writ Should Issue**</u>

A. <u>**Mandamus Should Issue Because Petitioner Has No Other Adequate Remedy**</u>

The **Writ** should issue because Petitioner has no other adequate remedy at law because the District Court's <u>*Order*</u> lacks <u>*finality*</u> and is <u>*unappealable*</u> under *28 U.S.C. §2253.*

**Section §2253(a)** provides in **Pertinent Part:** In a **Habeas Corpus** proceeding or a proceeding under **Section 2255** before a District Judge, the <u>*Final Order*</u> shall be subject to review, on **Appeal,** by the **Court of Appeals** for the circuit in which the proceeding is held.

Here, under **§2253(a)** the District Courts <u>*Order*</u> cannot be addressed through the regular **Appeal Process** because its not a <u>*Final Order*</u> in the absence of an **Evidentiary Hearing.**

Furthermore, Section **§2253(c)(1) and (2)** provides in Pertinent Part:

(c)(1) Unless a Circuit Justice or Judge issues a Certificate Of Appealability, an Appeal may not be taken to the Court Of Appeals from the <u>*Final Order*</u> in a proceeding under Section 2255.

(2) A Certificate Of Appealability may issue under paragraph (1) only if the Applicant has made a substantial showing of the denial of a constitutional right.

Here, under this section Petitioner must obtain a <u>*Certificate*</u> granting leave to <u>*Appeal*</u> and the last sentence in this subsection contemplates that a **Certificate Of Appealability**

may issue only if the Applicant has made a substantial showing of the denial of a **Constitutional Right.** In Petitioner's case there can be no substantial showing of the denial of a **Constitutional Right** because there has been **no Evidentiary Hearing** and **no chance to develop evidence, make Finding of Fact** and **Conclusions of Law** with respect to that **Hearing.** Without an **Evidentiary Hearing** the District Courts *Order* lacks *finality* and is *unappealable*. Petitioner has no other adequate remedy unless this Court intervenes by way of **Mandamus.**

## B.  Order Of Trial Judge Is Clear Abuse Of Discretion

The District Court **Erred as a matter of Law** when the Court entered its *Order denying* Petitioner's **Section §2255 Motion** without **Granting** Petitioner's request for an **Evidentiary Hearing** as required by **Law.** The District Courts duty for **Granting an Evidentiary Hearing** stems from the text of **§2255(b).**

### That Section Clearly States:

"**Unless**" the Motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the Court "**Shall**" cause **Notice** thereof to be served upon the United States Attorney, **Grant** a Prompt Hearing thereon, determine the issues and make Finding of Fact and Conclusions of Law with respect thereto.

The **Explicit Mandatory Language** "**Unless**" and "**Shall**" in this provision expressly provides that an **hearing** "**Shall**" be granted "**Unless**" the Motion and the files and records

of the case **conclusively show** that prisoner is entitled to no relief. The "<u>Unless</u>" language implies a condition that mandates strict compliance with one or more of the *Substantive Statutory Standards* set forth in **Section §2255(a)** and if it plainly appears from the motion and files and records of the case that Movant is entitled to no relief under the *Substantive Statutory Standards* set forth in **Section §2255(a)** the Court must issue an *Order Summarily Dismissing* the case. Here, Petitioner met his burden under **§2255(a)** by claiming the right to be released upon the ground that his sentence was imposed in violation of the constitution and laws of the United States by demonstrating Petitioner's Counsel was ineffective under the **Sixth Amendment** and the **Standards** established in <u>Strickland v. Washington, 466 U.S. 668 (1984).</u> After viewing Petitioner's allegations the Court served <u>Notice</u> upon the United States Attorney and *Ordered* a response to Petitioner Motion and decided Petitioner Motion based on written submissions of the parties without granting Petitioner a ***Prompt Hearing***.

The explicit **Mandatory Language "<u>*Shall*</u>"** in this Provision directing the District Court to <u>***Grant***</u> a ***<u>Prompt Hearing</u>*** thereon are rights created by statute. Petitioner requested an **Evidentiary Hearing** on his Motion as provided by statute. As mandated by statute the Court should have granted Petitioner a ***<u>Prompt Hearing</u>***. This section creates a clear, non-discretionary duty on the part of the Court to **grant** an **Evidentiary Hearing** as required by **law**. Petitioner requested an **hearing** and Petitioner allegations entitled Petitioner to a **hearing** and the Court had a clear and *mandatory duty* to proceed to a **hearing**. The District Court's failure to carry out its **Mandatory Statutory Duty** required

by **Law** was clearly erroneous **as a matter of Law.**

## C. <u>Extraordinary Relief Is Warranted In This Case</u>

**Extraordinary Relief** is warranted in this case to **Perfect** and **Protect** this Court's **Potential exercise of Appellate Jurisdiction** under *28 U.S.C. §1291* and correct the District Court's complete misunderstanding of the "<u>Unless</u>" language in **Section §2255(b)** which implies a condition that if Petitioner met one of the **Statutory Standards** set forth in **§2255(a)** Petitioner qualified for **Mandatory Hearing. Extraordinary Relief** will also aid to correct the irreparable harm caused by Petitioner's inability to perfect an **Appeal** under **§2253.**

## C O N C L U S I O N

**Wherefore,** for the reasons stated, Petitioner respectfully prays this Court **Grant** the **Relief Sought** pursuant to **§1651(a)** and issue a **Writ Of Mandamus.**

Dated on the 29 day of July ,2014.

Respectfully Submitted,

/s/ Allen Ladd
Allen Ladd.
#05862-090
FCI-Greenville, P.O. Box 5000
Greenville, IL 62246

# CERTIFICATE OF SERVICE

I, Allen Ladd hereby certify that I have served a true and correct

copy of the following: EXTRAORDINARY APPEAL UNDER 28 U.S.C. §1291.

Which is deemed filed at the time it was delivered to prison authorities for forwarding, **Houston v. Lack, 101 L.ED. 2d 245 (1988),** upon the defendant/defendants and or his attorney/attorneys of record, by placing same in a sealed, postage prepaid envelope addressed to: 1. OFFICE OF THE CLERK, UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT, 219 S.DEARBORN STREET, CHICAGO, ILLINOIS 60604-1874
   2. BARBARA B.CRABB, JUDGE, UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WISCONSIN, MADISON DIVISION, JUDGE'S CHAMBERS, 120 NORTH HENRY STREET, MADISON, WISCONSIN 53703
   3. RITA M.RUMBELOW, AUSA, UNITED STATES ATTORNEYS OFFICE CITY STATION 660 W.WASHINGTON AVENUE, MADISON, WISCONSIN 53703

And deposited same in the United States Mail at the Federal Correctional Institution at:

GREENVILLE, IL 62246

I declare, under penalty of perjury (Title 28 U.S.C. §1746), that the foregoing is true and correct.

Dated this 29 day of July, 2014.

*Allen Ladd* (signature)
Allen Ladd #05862-090

FEDERAL CORRECTIONAL INSTITUTION GREENVILLE
ALLEN LADD #05862-090
P.O.BOX 5000
GREENVILLE,IL 62246

LEGAL MAIL

BARBARA B.CRABB,JUDGE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN,MADISON DIVISI(
JUDGES CHAMBERS,120 NORTH HENRY STREET
MADISON,WISCONSIN 53703

FEDERAL BUREAU OF PRISONS
POST OFFICE BOX 4000
GREENVILLE, IL 62246

The enclosed letter was processed on 7/29/14 through special mailing procedures. The letter has neither been opened or inspected. If the writer raises a questions or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.